Mr. Roger Brown P.O. Box 2075 North Little Rock, AR 72115
Dear Mr. Brown:
This is in response to your request, received by this office on August 4, 1993, for approval and certification of the following popular name and ballot title, pursuant to A.C.A. § 7-9-107
(Supp. 1991):
(Popular Name)
 AN ACT TO ELIMINATE THE INFLUENCE OF CHILD ABUSE HYSTERIA AND REMEDY INADEQUACIES IN CURRENT CHILD ABUSE LAWS IT'S EXISTENCE HAS DEMONSTRATED
(Ballot Title)
 PURPOSE OF THE ACT ESTABLISHED TO RESTORE REASON IN CLIMATE OF CHILD ABUSE HYSTERIA, RULE OF LAW WITH REGARD TO INDIVIDUAL RIGHTS, FULLY PROTECT CHILDREN FROM ABUSE, AND REMOVE SPECIAL PRIVILEGES GAINED BY INDIVIDUALS EXPLOITING CHILD ABUSE HYSTERIA FOR PERSONAL BENEFIT; CERTAIN TERMS USED IN THE ACT DEFINED; RIGHT OF FREEDOM OF THOUGHT RECOGNIZED AND ESTABLISHED AND USED TO IDENTIFY ACTS AND CIRCUMSTANCES WHICH CANNOT BE USED AS A BASIS FOR DIAGNOSING MENTAL ILLNESS, DIAGNOSIS OF MENTAL ILLNESS MUST BE BASED ON DIAGNOSIS OF SPECIFIC PHYSIOLOGICAL DISORDER; DENIAL OF GUILT AND EXERCISE OF OTHER LEGAL RIGHTS CANNOT BE USED AS A BASIS FOR DIAGNOSING MENTAL ILLNESS OR CITED AS PROOF OF CHILD ABUSE; ISSUANCE OF "FINDING" OR LISTING ON REGISTRY CAN ONLY OCCUR AFTER CONVICTION OF CHILD ABUSE; VIDEO TAPING OF ACCUSER, ALLEGED VICTIM AND ALLEGED PERPETRATOR REQUIRED FOR ALL INTERVIEWS FOR CHILD ABUSE INVESTIGATION, REQUIREMENT THAT ALL INVESTIGATIONS CONSIDER AND REPORT ON POSSIBILITY ACCUSER AND ALLEGED VICTIM MAY NOT BE TRUTHFUL; CONDITIONS TO QUALIFY AND LEGAL REMEDY ESTABLISHED FOR VICTIMS OF CHILD ABUSE HYSTERIA WHICH OCCURRED BEFORE ACT BECOMES LAW; MISLEADING PORTRAYAL OF PERSONS NOT CONVICTED OF CHILD ABUSE PROHIBITED; SUBVERTING OR DIVERTING STATE RESOURCES TO BENEFIT A CLIENT OR FOR REASONS OF PREJUDICE PROHIBITED AND REQUIREMENT TO REIMBURSE STATE FOR COST OF INVESTIGATION; WILLFUL FALSE, MISLEADING, OR BIASED STATEMENTS OR ACTIONS PROHIBITED AND FIRST STATEMENTS OF CHILD MADE DURING INVESTIGATION SHALL NOT BE IGNORED OR DISTORTED BY INVESTIGATORS; DEPARTMENT OF HUMAN SERVICES REQUIRED TO DISCOURAGE FALSE ALLEGATIONS, NOT USE FUNDS CONDITIONAL ON MANDATORY REPORTING OR NOT PROVIDING FOR CARE OF FALSELY ACCUSED ADULTS OR FALSELY INVOLVED CHILDREN, DEPARTMENT OF HUMAN SERVICES REQUIRED TO ESTABLISH PROGRAM FOR FALSELY ACCUSED AND FALSELY INVOLVED; LEGISLATURE PROHIBITED FROM BENEFITING INTERESTS INVOLVED IN INSTITUTIONAL OR INSTITUTIONALIZED CHILD ABUSE; PENALTIES ESTABLISHED FOR VIOLATING THE ACT; SPECIFIC INTENTIONS OF ACT STATED FOR PURPOSES OF CLARITY WITH REGARD TO LEGAL CHALLENGES OF THE ACT; CONDITIONS ESTABLISHED FOR AMENDING OR REPEALING ACT.
The Attorney General is required, pursuant to § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the constitutionality of the act or amendment. Likewise, I am neither required nor authorized to address the merits of the proposal or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed initiative. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990), citing Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403
(1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my opinion that a more suitable popular name should be substituted in order to provide a more useful device for discussion of the proposed initiative prior to the election. The following popular name is therefore substituted for the one submitted:
(Popular Name)
 AN ACT TO ESTABLISH THE RIGHT OF FREE THOUGHT, TO PROHIBIT A FINDING OF MENTAL ILLNESS BASED UPON THE EXERCISE OF THAT RIGHT, TO PROHIBIT INDIVIDUALS ACCUSED OF CHILD ABUSE FROM BEING TREATED AS INDIVIDUALS CONVICTED OF CHILD ABUSE, AND TO PROVIDE ASSISTANCE TO THOSE FALSELY ACCUSED OR CONVICTED OF CHILD ABUSE
With regard to the ballot title, it is my opinion that the submitted title should be supplemented to give the elector a better understanding of the issues presented. The submitted ballot title is therefore disapproved and the following substituted:
(Ballot Title)
 AN ACT RELATING TO THE RIGHTS OF ACCUSED INDIVIDUALS, ESPECIALLY WITH REGARD TO CHILD ABUSE INVESTIGATIONS; DEFINING TERMS USED IN THE ACT, DEFINING "ABUSE" TO INCLUDE, AMONG OTHER THINGS, WILLFUL MANIPULATION OF A CHILD BY A LICENSED PRACTITIONER DESIGNED TO DAMAGE THE PARENT/CHILD RELATIONSHIP, CREATING FALSE MEMORIES OF CHILD ABUSE OR TRAINING A CHILD TO MAKE FALSE STATEMENTS ABOUT CHILD ABUSE OR EXPLICIT STATEMENTS ABOUT SEXUAL ACTS FOR PUBLICITY OR TO DECEIVE INVESTIGATORS, SELECTIVE ENFORCEMENT OF APPLICABLE LAWS, RULES, AND REGULATIONS, KNOWING ENACTMENT OF LEGISLATION OR RULES WHICH FAIL TO PROVIDE ALL CHILDREN WITH EQUAL ACCESS TO MEDICAL TREATMENT AND PROPER NUTRITION, RENDERING JUDICIAL DECISIONS CONCERNING CHILD CUSTODY OR VISITATION RIGHTS NOT BASED ON RULES OF EVIDENCE OR BASED ON PREJUDICE, OR FILING A FALSE ALLEGATION OF CHILD ABUSE; DEFINING" CHILD ABUSE HYSTERIA" AS ACTING UPON OR MAINTAINING FALSE OR IRRATIONAL BELIEF THAT CHILD ABUSE HAS OCCURRED OR IS OCCURRING OR INCITING OR ORDERING OTHERS TO DO SO DESPITE COMPELLING EVIDENCE TO THE CONTRARY; RECOGNIZING AND ESTABLISHING THE RIGHT OF FREE THOUGHT AND PROVIDING THAT A DETERMINATION OF MENTAL ILLNESS SHALL BE MADE IN ACCORDANCE WITH INTERNATIONALLY ACCEPTED MEDICAL STANDARDS AND NOT BASED ON POLITICAL, ECONOMIC, OR SOCIAL STATUS, MEMBERSHIP IN A CULTURAL OR RACIAL GROUP, THE EXPRESSION OF VIEWS, THE EXISTENCE OF FAMILY OR PROFESSIONAL CONFLICT, OR NONCONFORMITY WITH PREVAILING VIEWS ON MORAL, SOCIAL, CULTURAL, OR POLITICAL VALUES OR RELIGIOUS BELIEFS; RESTRICTING THE CIRCUMSTANCES UNDER WHICH AN INDIVIDUAL MAY BE ORDERED OR COERCED TO PARTICIPATE IN PSYCHIATRIC, PSYCHOLOGICAL OR SOCIAL WORK THERAPY OR COUNSELING; RECOGNIZING DENIAL OF GUILT AS A LEGAL RIGHT THAT SHALL NOT BE USED AS EVIDENCE OF GUILT OR SERVE AS THE BASIS OF A DIAGNOSIS OF MENTAL ILLNESS; REQUIRING DUE PROCESS WITH REGARD TO ALLEGATIONS OF CHILD ABUSE; PROVIDING THAT THE EXERCISE OF A LEGAL RIGHT OR PRIVILEGE SHALL NOT BE USED AS THE BASIS FOR A DIAGNOSIS OF MENTAL ILLNESS; PROHIBITING, IN THE ABSENCE OF A CONVICTION FOR CHILD ABUSE, THE LISTING OF AN INDIVIDUAL'S NAME IN A LIST OR REGISTRY, OR THE PORTRAYAL OF AN INDIVIDUAL AS GUILTY OF CHILD ABUSE; REQUIRING DOCUMENTATION OF CHILD ABUSE INVESTIGATIONS BY VIDEOTAPE, WHICH SHALL NOT BE USED AS EVIDENCE WITHOUT PERMISSION, BUT SHALL BE MAINTAINED FOR INVESTIGATION OF COMPLAINTS OF PROFESSIONAL MISCONDUCT; REQUIRING THE POSSIBILITY OF FALSE STATEMENTS BEING MADE TO BE CONSIDERED AND ADDRESSED IN CHILD ABUSE INVESTIGATIONS; REQUIRING INCLUSION OF EVIDENCE SUPPORTING THE POSSIBILITY OF FALSE STATEMENTS BEING MADE IN REPORTS AND RECOMMENDATIONS; PROVIDING FOR RETROACTIVE APPLICATION OF THE ACT; PROVIDING FOR APPEAL OF JUDICIAL DECISIONS REGARDING CHILD CUSTODY OR VISITATION BASED UPON PREJUDICE, FALSE STATEMENTS, OR ON REPORTS OR RECOMMENDATIONS CONTAINING ONLY NEGATIVE INFORMATION ABOUT AN INDIVIDUAL; PROHIBITING THE PLACEMENT OF THE NAME OF AN INDIVIDUAL ALLEGED TO HAVE COMMITTED CHILD ABUSE ON A LIST OF CONVICTED CHILD ABUSERS; REQIRING THE AMENDMENT OF ANY EXISTING LIST TO REFLECT ONLY CONVICTED CHILD ABUSERS; PROHIBITING THE KEEPING OF A LIST OF INDIVIDUALS ACCUSED OF CHILD ABUSE BY ANY AGENCY OTHER THAN THE POLICE FOR PURPOSES OF ACTIVE, ON-GOING INVESTIGATIONS; PROVIDING THAT NO DIAGNOSIS OF MENTAL ILLNESS BASED ON STANDARDS WHICH VIOLATE PROVISIONS OF THE ACT SHALL BE USED IN ASSIGNING CHILD CUSTODY OR ESTABLISHING VISITATION RIGHTS; PROVIDING THAT CONSPIRING TO VIOLATE THE ACT WILL BE REGARDED AS CRIMINAL CONSPIRACY; PROVIDING THAT ANY JUDGE VIOLATING THIS PROVISION SHALL BE REMOVED FROM THE BENCH AND PERMANENTLY DISBARRED; PROHIBITING THE DIVERSION OF STATE RESOURCES CAUSED BY RECOMMENDING THE FILING OF, OR THE FILING OF A FALSE ALLEGATION OF CHILD ABUSE; PROVIDING THAT ANYONE VIOLATING THIS PROVISION SHALL REPAY THE STATE ALL COSTS RESULTING FROM THE INVESTIGATION; PROHIBITING THE KNOWING SUPPORT OF A FALSE ALLEGATION OF CHILD ABUSE; PROHIBITING THE ALTERATION OF A CHILD'S INITIAL STATEMENTS DURING A CHILD ABUSE INVESTIGATION; REQUIRING THE DEPARTMENT OF HUMAN SERVICES TO ESTABLISH POLICIES AND PROCEDURES DISCOURAGING FALSE ALLEGATIONS OF CHILD ABUSE; PROHIBITING ACCEPTANCE OF FUNDS FOR CHILD ABUSE THAT ARE CONDITIONAL UPON MANDATORY REPORTING OF ALLEGATIONS WITHOUT REGARD TO FOUNDATION AND THAT DO NOT PROVIDE FOR ASSISTANCE TO THOSE FALSELY ACCUSED OR CONVICTED OF CHILD ABUSE; PROHIBITING THE MANDATORY REPORTING OF CHILD ABUSE WITHOUT REGARD TO FOUNDATION; REQUIRING THE DEPARTMENT OF HUMAN SERVICES TO ESTABLISH AN ASSISTANCE PROGRAM FOR THOSE FALSELY ACCUSED AND/OR CONVICTED OF CHILD ABUSE AND FOR CHILDREN FALSELY INVOLVED IN THE SYSTEM; PROHIBITING THE LEGISLATURE FROM ENACTING LEGISLATION ON BEHALF OF OR PROVIDING FUNDING TO ANY ENTITY THAT ENGAGES IN INSTITUTIONAL OR INSTITUTIONALIZED CHILD ABUSE; REQUIRING THE PAYMENT OF RESTITUTION FOR A VIOLATION OF THE ACT, AS WELL AS SUSPENSION OF LICENSE TO PRACTICE; PROVIDING JAIL SENTENCES AND FINES FOR KNOWINGLY PROVIDING FALSE INFORMATION OR TESTIMONY IN SUPPORT OF A FALSE ALLEGATION OF CHILD ABUSE; PROVIDING STIFFER SENTENCES AND FINES FOR A VIOLATION BY A LICENSED PROFESSIONAL; PROVIDING FOR REMOVAL FROM THE BENCH AND SUSPENSION OF LICENSE OF ANY JUDGE FOUND TO HAVE PARTICIPATED IN CHILD ABUSE HYSTERIA; CLARIFYING THE INTENTS AND PURPOSES OF THE ACT; PROVIDING THAT THE ACT MAY NOT BE AMENDED OR REPEALED EXCEPT BY INITIATIVE; PROVIDING THAT THE ACT IS SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure